IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN KEITH DENT,

    Plaintiff,                      No. 2:08-cv-0736-MCE-JFM (PC)

    vs.

D. SILBAUGH, et al.,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding before the court with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint.[1], filed May 1, 2009. Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.[2]

---

[1] Plaintiff filed a third amended complaint on April 8, 2009, and another third amended complaint on May 1, 2009. The allegations of both pleadings are the same; the documents differ slightly in the exhibits that are appended to each. This court has used the May 1, 2009 third amended complaint as the operative pleading.

[2] Plaintiff filed his opposition on June 1, 2009, and defendants filed a reply brief on June 25, 2009. On July 24, 2009, plaintiff filed a document styled as a motion to proceed with retaliation claims against both defendants. Review of the document shows that it is in fact a supplement to plaintiff's opposition to defendants' motion to dismiss.

1

ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

Plaintiff's third amended complaint contains the following allegations:

(1) Plaintiff filed a CDC-1824 and a CDC-602 prison grievance against defendant Murthy, alleging that defendant Murthy had intentionally discriminated against plaintiff on the basis of a mental disability and denied plaintiff a transfer to the caseload of Dr. Bruce. On April 6, 2007, defendant Murthy retaliated against plaintiff by filing a false rules violation report alleging that plaintiff had made terrorist threats against defendant Murthy. As a result of the rules violation report, plaintiff was placed in administrative segregation for 56 days and threatened with criminal prosecution and transfer to another prison. At a hearing on May 10, 2007, the charges were dropped.

(2) Both defendant Silbaugh and defendant Murthy acted with deliberate indifference to plaintiff's serious mental health needs by excluding him from participating in program and discriminating against him on the basis of mental disability. Defendant Murthy intentionally misdiagnosed plaintiff as suffering from anti-social personality disorder when plaintiff has a long history of bipolar disorder with psychotic features and post traumatic stress disorder. Defendant Murthy improperly treated plaintiff with behavior techniques and denied him a transfer to Dr. Bruce's caseload, where he would have received appropriate care for post traumatic stress disorder and prevention of suicide attempts.

(3) On March 23, 2007, plaintiff filed a CDC-1824 Reasonable Accommodation Request Appeal, grieving the denial of his request to be taken off defendant Murthy's caseload and transferred to Dr. Bruce's caseload. The appeal was assigned to defendant Silbaugh at the second level of review. Defendant Silbaugh "turn[ed] a blind eye, condone[d] . . . and facilitate[d] defendant Murthy['s] misconduct." Third Amended Complaint, filed April 8, 2009, at 6.[3]

---

[3] The first page of plaintiff's form third amended complaint is numbered "3" and the page numbering is sequential thereafter for four pages. Appended to the form complaint is a

2

On June 25, 2007, plaintiff filed another grievance against defendant Murthy for retaliation.  This grievance was based on defendant Murthy's addition of inaccurate information contained in a probation report to plaintiff's mental health diagnosis and weekly progress notes. Once again, the grievance was assigned to defendant Silbaugh, who failed to take any steps to correct defendant Murthy's retaliatory acts.

Plaintiff raises four claims in the third amended complaint, including (1) retaliation in violation of the First Amendment; (2) discrimination and retaliation in violation of the Americans with Disabilities Act and the Rehabilitation Act; (3) deliberate indifference to plaintiff's serious mental health needs; and (4) conspiracy to punish plaintiff and deny him adequate mental health treatment.  Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

## DEFENDANTS' MOTION TO DISMISS

Defendants seek dismissal of all of plaintiff's claims except plaintiff's first claim for relief, alleging retaliation by defendant Murthy in filing a false rules violation report, on the grounds that plaintiff failed to exhaust administrative remedies for all but that claim, and that only the allegations of that retaliation claim state a claim upon which relief may be granted.  On July 30, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  For the reasons set forth infra, plaintiff failed to exhaust administrative remedies prior to suit for all but his first claim for relief against defendant Murthy.  Accordingly, the court will not reach that part of defendants' motion that seeks dismissal of the remaining claims pursuant to Fed. R. Civ. P. 12(b)(6).

/////

---

typewritten third amended complaint, which starts at page number 1.  These allegations against defendant Silbaugh are at each of the pages identified as page 6.

1 |       "Section 1997e(a) of Title 42 of the United States Code provides:
No action shall be brought with respect to prison conditions under
[42 U.S.C. § 1983], or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."
McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

      California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

      In support of their motion to dismiss, defendants have presented evidence that the only grievance that plaintiff pursued to the Director's Level of Review is his claim that defendant Murthy retaliated against plaintiff by filing a CDC-115 rules violation report against plaintiff. See Declaration of N. Grannis in Support of Motion to Dismiss, filed May 11, 2009; see also Declaration of D. Lewis in Support of Motion to Dismiss, filed May 11, 2009, and exhibits appended thereto. Plaintiff has failed to present any evidence that he exhausted administrative remedies with respect to any of the other claims raised in the third amended complaint. Accordingly, those claims should be dismissed without prejudice.

/////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' May 11, 2009 motion to dismiss be granted;

2. Plaintiff's second, third, and fourth claims for relief should be dismissed without prejudice;

3. This action should proceed solely on the first claim for relief in plaintiff's May 1, 2009 third amended complaint; and

4. Defendant Murthy should answer the first claim in plaintiff's May 1, 2009 third amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 1, 2009.

UNITED STATES MAGISTRATE JUDGE

12
dent0736.mtd