IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN KEITH DENT,

        Plaintiff,                      No. 2:08-cv-0736-MCE-JFM (PC)

    vs.

D. SILBAUGH, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding before the court with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first claim in plaintiff's third amended complaint filed May 1, 2009.[1] Therein, plaintiff claims that defendant Murthy filed a false rules violation report against plaintiff in retaliation for plaintiff's acts of filings a grievance and another complaint against defendant Murthy. This matter is before the court on defendant Murthy's motion for summary judgment.

/////

/////

---

[1] The remaining claims raised in the third amended complaint have been dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to suit. See Order filed January 6, 2010.

1

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

/////

On July 30, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

ANALYSIS

Defendant Murthy advances three grounds in support of his motion for summary judgment.  First, he contends that there is no evidence that his action in issuing the rules violation report did not advance a legitimate penological interest and that the evidence shows that his action did advance legitimate penological interests.  Second, he contends that there is no evidence of retaliatory intent.  Finally, he contends that he is entitled to qualified immunity.

    A. Undisputed Facts

At all times relevant to this action plaintiff was an inmate at California Medical Facility (CMF) in Vacaville, California, and defendant Murthy was a licensed psychologist working at CMF.  In 2006, defendant Murthy was plaintiff's treating psychologist in the enhanced outpatient (EOP) program at CMF.  Defendant Murthy recommended to an interdisciplinary treatment team (IDTT) that plaintiff be transferred to a Correctional Clinical Case Management System (CCCMS) level of care.  In January 2007, the IDTT informed plaintiff that he would be transferred to CCCMS at an IDTT hearing in April 2007.  In the same month, plaintiff assisted another inmate in filing a grievance against defendant Murthy for providing substandard mental health care.  In February 2007, plaintiff filed a CDC Form 1824 Reasonable Accommodation Request requesting to remain at the EOP level of care and to be assigned to Dr. Bruce, another psychologist.

The IDTT meeting to transfer plaintiff to CCCMS was held on April 6, 2007.  Both plaintiff and defendant Murthy were present at the meeting.  At the meeting, plaintiff told the IDTT that defendant Murthy was making plaintiff "sick in the stomach", making plaintiff's psychological problems worse, and that plaintiff was experiencing suicidal and homicidal

4

1 thoughts. Declaration of Brian Keith Dent in Opposition to Defendant's Motion for Summary
2 Judgment, filed July 21, 2010, at ¶ 17[2]; Declaration of H. Murthy in Support of Motion for
3 Summary Judgment, filed July 2, 2010 (Murthy Declaration), at ¶ 11.  Thereafter, defendant
4 Murthy filed a rules violation report charging plaintiff with threatening staff.   After the IDTT
5 hearing, plaintiff was rehoused in a Department of Mental Health (DMH) facility.  Ex. A to
6 Defendants' Statement of Undisputed Facts, Administrative Segregation Unit Placement Notice,
7 filed July 2, 2010.  On May 21, 2007, plaintiff was released from DMH.  Id.  Two days later he
8 was placed in administrative segregation based on the events of April 6, 2007.  Id.

9       A disciplinary hearing was held on May 17, 2007.  Ex. A, Rules Violation Report
10 – Part C.  At the disciplinary hearing, plaintiff pleaded not guilty and stated "I can not like
11 someone if I want to.  But I did not threaten him."  Id.  Plaintiff was found guilty of threatening
12 staff.  Id  The findings were based on defendant Murthy's statement that plaintiff pointed at him
13 in a threatening and intimidating manner, and statements of two officers, contained in the
14 investigative employee's supplemental report, who saw plaintiff point at defendant Murthy.  Id.
15 One employee reported that plaintiff didn't point at defendant Murthy when plaintiff said he had
16 homicidal thoughts; he pointed at defendant Murthy and said "I don't like you."  Ex. A, Serious
17 Rules Violation Report.  The hearing officer reduced the Serious Rules Violation Report to an
18 Administrative CDC 115, and plaintiff was warned and counseled.  Ex. A, Rules Violation
19 Report – Part C.

20 /////
21 /////
22

23  [2] In his opposition, which is not signed under penalty of perjury, plaintiff states that he
24 told the IDTT he was experiencing suicidal and homicidal thoughts.  In his declaration, which is
signed under penalty of perjury, plaintiff aver, inter alia, that he told the IDTT that he was
"experiencing suicide thoughts" but makes no reference to homicidal thoughts.  Plaintiff's
25 opposition, however, demonstrates that he does not contest the evidence tendered by defendant
Murthy, in the form of Murthy's declaration, that plaintiff stated during the IDTT that he felt
26 homicidal.

5

B. <u>Legal Standards</u>

Prison inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights.[3] See <u>Hines v. Gomez</u>, 108 F.3d 265 (1997). Retaliation against prisoners for activity protected by the First Amendment "is itself a constitutional violation, and prohibited as a matter of 'clearly established law.' See <u>Rhodes [v. Robinson]</u>, 408 F.3d [559] at 566 [(9th Cir. 2005)]; <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 & n. 4 (9th Cir.1995)." <u>Brodheim v. Cry</u>, 583 F.3d 1262, 1269 (9th Cir. 2009). In <u>Rhodes</u>, the United States Court of Appeals for the Ninth Circuit

> set forth the five basic elements of a "viable claim of First Amendment retaliation" FN3 in the prison context:
>
> FN3. Although Rhodes concerned a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, the elements of the claim are the same on a motion for summary judgment. On summary judgment, however, the plaintiff must demonstrate there is a triable issue of material fact on each element of his claim, as opposed to merely alleging facts sufficient to state a claim.
>
> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. 408 F.3d at 567-68. See also <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam). We also noted that a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm. <u>Rhodes</u>, 408 F.3d at 568 n. 11.

<u>Brodheim</u>, <u>id</u>. Plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains" and, in assessing whether a defendant's action reasonably advanced a legitimate correctional goal, courts "should 'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." <u>Pratt</u>, 65 F.3d at 806-7.

---

[3] This right is generally described as a substantive due process right.

The right to petition the government for a redress of grievances is a right protected by the First Amendment. The right has been broadly construed to include "a person's right to seek redress from all branches of government." Franco v. Kelly, 854 F.2d 584, 585-86 (2d Cir. 1988). Prison inmates are entitled to access to both administrative and judicial forums to seek redress of grievances against state officials. Hines v. Gomez, 853 F.Supp. 329, 331 (N.D.Cal. 1994) (quoting Franco at 585-86).

C. Application

Defendant Murthy seeks summary judgment on the grounds that there is no evidence either that his filing of the rules violation report did not reasonably advance a legitimate correctional goal or that it was retaliatory. Defendant Murthy also contends that he is entitled to qualified immunity.

Prison officials have a "valid interest in the peaceable operation of the prison through the insistence on respect, rather than through violent confrontation." Bradley v. Hall, 64 F.3d 1276, 1281 (9th Cir. 1995), *abrogated in part on other grounds by* Shaw v. Murphy, 532 U.S. 223 (2001). Disciplining an inmate for threatening staff is consistent with this legitimate correctional goal. The undisputed evidence shows that during the IDTT hearing on April 6, 2007, plaintiff stated that he felt suicidal and homicidal and that he pointed at defendant Murthy and stated that he didn't like Murthy. In response to this incident, defendant Murthy filed a CDC-115 Rules Violation Report charging plaintiff with threatening staff. Defendant Murthy wrote:

> On 4/6/2007, at approximately 0940 hours, treatment team met with Inmate DENT, B. . . . and informed him that the team had decided that he no longer required EOP level of care and was appropriate for CCCMS. Inmate Dent became hostile and angry, stating, I'm having homicidal thoughts. I can't be around this man." He pointed at me in a threatening and intimidating manner. This is clearly a verbal threat to kill me and I believe that Inmate Dent is capable of acting on this stated threat. It also appears that this is an attempt to manipulate staff through intimidation as he is demanding to remain EOP.

Ex. A to Defendants' Statement of Undisputed Facts.  Plaintiff does not dispute that he made the statements attributed to him, nor does he dispute that he pointed at defendant Murthy.  Defendant Murthy interpreted plaintiff's behavior as a threat against him and issued the rules violation report.

Defendant Murthy avers that he issued the rules violation report "in order to:  (1) put Mr. Dent on notice that his behavior was inappropriate, and to deter Mr. Dent from engaging in future dangerous and threatening behavior; and (2) to place other correctional and medical staff on notice of Mr. Dent's dangerous and threatening behavior so that they could take appropriate steps to prevent him from engaging in any similar future behavior; and (2) to protect my own safety and security and the safety and security of the institution" and that his "sole motivation was to attempt to deter any future misbehavior by [plaintiff] so as to ensure the safety and security of the institution."  Murthy Declaration at ¶¶ 13-14.  Given the specific facts that are undisputed, and the deference that must be afforded to prison officials in assessing whether the challenged action reasonably advanced a legitimate correctional goal, this court finds that plaintiff cannot meet his burden of proving an absence of legitimate correctional goals for defendant Murthy's action in issuing the rules violation report.  For that reason, defendant Murthy is entitled to summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's July 2, 2010 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

/////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2011.

UNITED STATES MAGISTRATE JUDGE

12
dent0736.msj