UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIAN DENT,   No. 2:08-cv-00736-MCE-JFM

    Plaintiff,

  v.   MEMORANDUM AND ORDER

D. SILBAUGH, et al.,

    Defendants.

----oo0oo----

Plaintiff Brian Dent ("Plaintiff") is a state prisoner prosecuting a civil rights action pursuant to 42 U.S.C. § 1983. After his remaining claims were dismissed without prejudice for failure to exhaust his administrative remedies, Plaintiff's action proceeded on the first claim in his Third Amended Complaint. In this last remaining claim, Plaintiff alleged that Defendant H. Murthy ("Defendant") filed a false rules violation report against Plaintiff in retaliation for Plaintiff's acts. This Court granted Defendant's subsequent Motion for Summary Judgment disposing of that claim, and judgment was entered on March 31, 2011.

1

Presently before the Court is Plaintiff's Motion to Alter or Amend the Judgment Under Federal Rule of Civil Procedure 59(e) ("Motion"). For the following reasons, Plaintiff's Motion is DENIED.[1]

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 36 n.5 (9th Cir. 1989).

"[T]he district court enjoys considerable discretion in granting or denying [a motion to amend or alter a judgment]." <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1254 n.1 (9th Cir 1999). "It is appropriate for a court to alter or amend judgment under Rule 59(e) if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'"

///

---

[1] Since filing his Motion, Plaintiff has noticed an appeal. Plaintiff's notice of appeal does not divest this court of jurisdiction to address his Motion. Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion [to alter or amend the judgment under Rule 59]--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); <u>Halloum v. Intel Corp.</u>, 307 Fed. Appx. 110, 112 (9th Cir. 2009).

1 | Duarte v. Bardales, 526 F.3d 563, 567 (9th Cir. 2008) (quoting
2 | Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)).
3 |     Plaintiff has not offered any newly discovered evidence, nor
4 | has he argued that there has been an intervening change in the
5 | law.  Rather, Plaintiff asserts only his disagreement with the
6 | Court's decision to grant Defendant's Motion for Summary Judgment
7 | and to enter judgment in Defendant's favor.  Disagreement with
8 | the Court is insufficient to justify alteration or amendment of
9 | the judgment, and Plaintiff's Motion to Alter or Amend the
10 | Judgment (ECF No. 76) is thus DENIED.
11 |     IT IS SO ORDERED.
12 |
13 | Dated: June 6, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3